UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DANIEL RIFE, | : | Case No. 1:22-cv-144 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Stephanie K. Bowman |
| J. JONES, W.C.I. OFFICER, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION
and ORDER**

Daniel Rife, an inmate at Warren Correctional Institution who is proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights action under 42 U.S.C. § 1983. He names J. Jones, an officer at Warren Correctional Institution, as the sole defendant in his Complaint. (Doc. 1-1). Rife alleges that Jones used excessive force against him and tried to break his arm. (Doc. 1-1, PageID 10). Rife seeks compensatory damages. (*Id*., PageID 11).

The Court initially returned the Complaint to Rife because it was not signed. (*See* Deficiency Order, Doc. 3). Rife returned the Complaint, signed, and it was filed on the docket on April 6, 2022. (Doc. 4).

The matter is currently before the undersigned Magistrate Judge to conduct the initial screen required by law. Because Rife is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is also proceeding *in forma pauperis*, the Court is required to screen his Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). In doing so, the Court must construe the pro se Complaint liberally and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f)).

At this stage in the proceedings, without the benefit of briefing by the parties and construing the pro se complaint liberally, the Undersigned concludes that Rife may proceed with his excessive force claim against Jones in his individual capacity. To the extent that Rife raises this claim against Jones in his official capacity, that claim should be dismissed. *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

As noted above, Rife seeks relief in the form of compensatory damages. (*See* Doc. 1-1, PageID 11). Claims for monetary relief against state employees in their official capacities are barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018).

Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against a defendant in his official capacity would, in reality, be a way of pleading the action against the entity of which a defendant is an agent. *Monell*, 436 U.S. at 690. Thus, actions

against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Accordingly, Jones, an officer at Warren Correctional Institution, is immune from suit in his official capacity.

In sum, the Undersigned concludes that Rife may proceed with his excessive force claim against Jones in his individual capacity, but that any claim for monetary damages against Jones in his official capacity should be dismissed. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** any official capacity claim against Jones pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons any appeal of an order adopting this Report and Recommendation would not be taken in good faith, and therefore, **DENY** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS ORDERED THAT:**

1. Rife shall complete one Summons Form for Jones and return it to the Clerk of Court for filing. Rife has submitted a completed Marshal's Form. (Doc. 1-3). However, the Summons Form submitted by Rife is not complete in that it omits Jones' name and address in the first section. (Doc. 1-2). For convenience, the Clerk is DIRECTED to return the partially-

completed Summons Form (Doc. 1-2, PageID 12) to Rife. Rife shall return it to the Clerk within 30 days. If he fails to do so, his case may be dismissed for want of prosecution.

2. Once Rife returns the completed Summon Form, the United States Marshal shall serve a copy of the complaint, summons, the Order granting Plaintiff *in forma pauperis* status, and this Report and Recommendation and Order upon Jones as directed by Rife, with costs of service to be advanced by the United States.

3. The Clerk shall send send a copy of this Report and Recommendation and Order to the Ohio Attorney General's Office, 30 E. Broad St., 14th Floor, Columbus, Ohio 43215.

4. Rife shall serve upon Jones, or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Rife shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Jones or his counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

5. Rife shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**IT IS SO ORDERED.**

April 19, 2022                          *S/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE