UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL RIFE,

    Plaintiff,

v.

J. JONES, W.C.I.,

    Defendant.

Case No. 1:22-cv-144

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an incarcerated individual who proceeds *pro se*, tendered a complaint against Defendant J. Jones, an officer at the Warren Correctional Institution. Upon initial screening, the undersigned recommended the dismissal of any claim against Defendant Jones in his official capacity, but that Plaintiff's excessive force claim against Defendant Jones in his individual capacity be permitted to proceed through discovery. (Doc. 7). That Report and Recommendation ("R&R") was adopted as the opinion of the Court. (Doc. 13).

Currently pending before the Court is Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., which Defendant filed in lieu of an answer. (Doc. 11). For the reasons stated below, the portion of Defendant's motion relating to the issue of administrative exhaustion will be construed as a motion for summary judgment under Rule 56. In light of that construction, both parties will be permitted a brief additional period of time in which to submit any additional materials relating to the motion.

1

I.  **Standard of Review**

The fact that the undersigned permitted a single Eighth Amendment claim to proceed beyond the screening stage does not preclude the subsequent dismissal of the same claim upon an appropriate motion. It is true that the standard of review for failure to state a claim under Rule 12(b)(6) is the same as the standard of review for failure to state a claim under 28 U.S.C. §§ 1915(e) or 1915A. *See Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010). However, the frame of reference differs significantly. Screening under 28 U.S.C. § 1915(e) is extremely liberal. The perspective of this Court, as a neutral arbiter examining the complaint on a superficial level without the benefit of briefing, differs from that of an opposing party who has an incentive to explore all possible legal arguments in a subsequent motion to dismiss or motion for judgment on the pleadings. Necessarily constrained by limitations of time and resources in the course of its initial *sua sponte* examination, this Court frequently will permit "further development" of a weak legal claim by requiring a defendant to file an answer or response.

Thus, on more than one occasion, this Court has granted a motion to dismiss based upon a well-briefed motion by the defendant and a failure to respond (or weak response) by a plaintiff. Nevertheless, this Court cannot grant a motion to dismiss for failure to state a claim if the motion requires the Court to look beyond the allegations of the complaint. And in considering a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336

(6th Cir. 2007). Given screening standards under 28 U.S.C. § 1915(e) that result in the dismissal of most cases that fail to state any claim, the liberal pleading standards under Rule 8, and the relevant standard of review under Rule 12(b)(6), it is far more common for cases to be disposed of on motions for summary judgment, following discovery than on Rule 12(b)(6) motions.

> II. **Defendant's Arguments May Require Consideration of Matters Beyond the Allegations of the Complaint**

Defendant's motion to dismiss presents arguments that are frequently raised after some discovery has taken place. Defendant specifically argues that Plaintiff's complaint fails to state any viable claim for three reasons: (1) Plaintiff allegedly failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"); (2) Plaintiff failed to sufficiently plead any injury that resulted from the Defendant's alleged use of excessive force; and (3) Defendant is entitled to qualified immunity. While the arguments theoretically may be considered under Rule 12(b)(6), a preliminary review of the motion and Plaintiff's responses makes clear that this Court must consider matters outside the allegations of the complaint in order to dispose of at least the first argument concerning exhaustion. For that reason, the exhaustion argument will be construed not under Rule 12(b)(6) but under Rule 56, Fed. R. Civ. P. Based upon the Court's consideration of matters outside the pleadings, both parties will be permitted additional time in which to submit any additional evidence pertinent to the motion.

Plaintiff initially failed to file any timely response to the Defendant's motion. Therefore, the Court directed him to "show cause" why his complaint should not be dismissed for the reasons stated in the motion. (Doc. 14). On July 20, 2022, Plaintiff

3

partially complied with the "show cause" order, but his response mostly restated the claims alleged in his complaint. (Doc. 16). Still, Plaintiff attached to that response copies of a grievance form related to the incident in question, as well as the conduct report and disposition of the Rules Infraction Board concerning the same incident. (*Id.*)

Because Plaintiff's response to the "show cause" Order largely failed to substantively address the arguments contained in the Defendant's motion, the Court allowed Plaintiff "one final opportunity to respond to Defendant's motion." (Doc. 17). The Court's Order explained that a failure to timely file additional opposition by August 22, 2022 could result in the defendant's motion being granted as unopposed. (*Id.*) Plaintiff responded on August 3, 2022. (Doc. 18). Once again, however, Plaintiff's filing does not substantively respond to the Defendant's arguments. Instead, Plaintiff expresses confusion about what he is "suppos[ed] to send" to this Court, and pleads ignorance as a pro se litigant who lacks legal counsel to assist him. (*Id.*) The remainder of the supplemental response generally alleges that unnamed staff at W.C.I. are not helping him and are instead trying to harass him. (*Id.*)

This Court cannot provide legal advice to any litigant, including a plaintiff who proceeds without benefit of counsel.[1] However, in light of the determination that the exhaustion argument should be construed under Rule 56, Plaintiff will be permitted more time to submit additional argument or evidence concerning whether Plaintiff has

---

[1] Civil litigants have no constitutional right to the appointment of counsel at government expense. *See Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988). Limited resources preclude the appointment of free counsel for *pro se* civil litigants except in "exceptional" circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993). There are no "exceptional circumstances" that would warrant the appointment of counsel in this case.

administratively exhausted his excessive force claim.

### 1. Exhaustion of Administrative Remedies

Defendant's motion seeks dismissal of the complaint on grounds that Plaintiff has failed to comply with the three steps of the Ohio prison system's grievance process. *See* Ohio Admin. Code § 5120-9-31. Pursuant to the PLRA, prisoners are required to fully exhaust available institutional remedies prior to filing suit in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002).

It is well established that exhaustion is "mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 201, 211, 127 S. Ct. 910 (2007). If a prisoner fails to exhaust available administrative remedies before filing a complaint in federal court, or only partially exhausts them, then dismissal of the complaint is appropriate. *Hopkins v. Ohio Dep't of Corr.*, 84 Fed. Appx. 526, 527 (6th Cir. 2003) (citing 42 U.S.C. § 1997e(a) and *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997)). However, "[i]n a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cnty.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 204).

Because exhaustion is an affirmative defense that must be raised by a defendant,

a plaintiff is not required to *plead* exhaustion in his complaint. And – but for the rare case in which a plaintiff has included allegations or evidentiary exhibits that convincingly show he has failed to exhaust - a defendant cannot win on this defense unless *the defendant proves* a lack of exhaustion. Therefore, multiple courts have acknowledged that "the exhaustion affirmative defense is best raised in a motion for summary judgment ... because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits and documentary evidence." *Hollis v. Erdos*, 480 F. Supp.3d 823, 830-31 (S.D. Ohio 2020) (citing *Daugherty v. K.S.P. Medical Department*, 2018 WL 1095820, at *3 (W.D. Ky. Feb. 27, 2018). "When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Surles v. Andison*, 678 F.3d 452, 455-456 (6th Cir. 2012)); *see also Blissit v. Fiquris*, 345 F.Supp.3d 931 (S.D. Ohio 2018) (granting summary judgment based upon inmate's failure to comply with Ohio's grievance process for excessive force claim, discussing burden of proof).

In the case presented, Plaintiff attached to his first response to the "show cause" Order a copy of a single grievance related to the incident. (Doc. 16). But this Court can consider Plaintiff's exhibit only by treating Defendant's motion as a motion for summary judgment.

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

6

Rule 12(d), Fed. R. Civ. P; *see generally*, *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as a motion "for summary judgment under Rule 56").

Under the circumstances, the undersigned will consider the exhaustion argument under Rule 56. [2] Construing that portion of Defendant's motion under Rule 56 not only will allow the Court to consider the copy of the grievance submitted by Plaintiff in his response, but also will allow *both* parties to present any other evidence relevant to this issue, including evidence from prison record-keepers or appropriate affidavits or declarations by either party that would support this Court's ruling on the issue.

### 2. Lack of Sufficient Injury

Excessive force claims in the prison context require an inmate to demonstrate both a subjective component and an objective component. Defendant's pending motion to dismiss Plaintiff's claim focuses on his allegations concerning the objective component. In *Williams v. Curtin*, 631 F.3d 380 (6th Cir. 2011), the Sixth Circuit defined that component as follows:

> The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321 (1991). This is a "contextual" inquiry that is "responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8-9, 112 S. Ct. 995 (internal citation and quotation marks omitted). <u>The seriousness of the injuries are not dispositive</u>; as the Supreme Court has held, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... whether or not significant injury is evident." *Id.* at 9, 112 S. Ct. 995*; see also Wilkins v. Gaddy*, 559 U.S. 34, 130 S. Ct. 1175, 1178, 175 L.Ed.2d 995 (2010) (per curiam).

---

[2]Neither Plaintiff nor Defendant have offered any evidence concerning any steps that were - or were not - taken beyond the submission of the initial grievance.

7

*Id.*, 631 F.3d at 383 (emphasis added).

In his complaint, Plaintiff alleges that Defendant approached and asked to talk to Plaintiff and told him to "lock down." Plaintiff alleges that he then asked Defendant "to get me a w[h]ite shirt [and] I went over to wall put my hands behind my back to be cuffed." (Doc. 6 at 5, PageID 53). Plaintiff alleges that instead of cuffing Plaintiff, Defendant grabbed Plaintiff's arm "and told me he would break it if I showed the camera I was not resisting so he slammed me on the wall [and] told me I was going to my room." (*Id.*, spelling and punctuation corrected for legibility). Plaintiff alleges that Defendant subsequently slammed him against a wall a second time and again tried to break his arm, and later slammed Plaintiff's face "off of the wall an[d] spit [in] my face." *Id.* Plaintiff alleges that Defendant was later disciplined for failing to report the use of force.

The precise basis for Defendant's motion to dismiss is not entirely clear. On the one hand, Defendant seems to argue that Plaintiff has not included sufficient factual detail to make out the objective prong of an Eighth Amendment claim. However, this Court previously determined on initial screening that Plaintiff's allegations were sufficient, and Defendant cites to no controlling case law that holds that a plaintiff must include allegations of "specific injuries" or medical treatment in order to satisfy the objective component of an Eighth Amendment claim.

On the other hand, Defendant also argues that the claim should be dismissed because Defendant "was doing his job in the dayroom, when Plaintiff became insubordinate and Officer Jones needed to cuff him and escort him back to his cell," (Doc. 11 at 7, PageID 73). To the extent that Defendant disputes the version of facts alleged by

8

Plaintiff and argues that the force employed was reasonable, Defendant's argument appears to go beyond the pleadings.

### 3. Qualified Immunity

Defendant's third argument is that the complaint against him should be dismissed under the doctrine of qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815, 555 U.S. 223, 231 (U.S. 2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)). Qualified immunity "'gives ample room for mistaken judgments by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant,* 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs,* 475 U.S. 335, 343, 341 (1986)); *see also Dorsey v. Barber,* 517 F.3d 389, 394 (6th Cir. 2008). Qualified immunity applies regardless of whether the official's error was a mistake of law or a mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson,* 555 U.S. at 231.

Like the failure to exhaust, qualified immunity is most frequently raised on summary judgment in excessive force cases.

> Although a defendant's "entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." *Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015) (cleaned up). "The reasoning for our general preference is straightforward: 'Absent any factual development beyond the allegations in a complaint, a court cannot fairly tell whether a case is "obvious" or "squarely governed" by precedent, which prevents us from determining whether the facts of this case parallel a prior decision or not' for purposes of determining whether a right is clearly established." *Guertin v. State*, 912 F.3d 907, 917 (6th Cir. 2019) (quoting *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch.*

>*Dist.*, 428 F.3d 223, 235 (6th Cir. 2005) (Sutton, J., concurring)). Therefore, "it is generally inappropriate for a ... court to grant a [12(c) motion for judgment on the pleadings] on the basis of qualified immunity." *Wesley*, 779 F.3d at 433.

*Moderwell v. Cuyahoga Cnty.*, Ohio, F.3d , 660-61 (6th Cir. 2021).

This "general preference" is not without exceptions, and "insubstantial claims against government officials should be resolved as early in the litigation as possible, preferably prior to broad discovery." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (citing *Pearson v. Callahan*, 555 U.S. at 231); *accord Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As stated above, Defendant argues that "the force used was merely to effectuate a search, a task that was within Jones's duties as an officer," and "a reasonable officer would have believed Jones's actions in trying to subdue Plaintiff were lawful in nature." (Doc. 11 at 9, PageID 79). Defendant further argues that he "was given training after this incident because he fail[ed] to report [the] use of force, but not because he used excessive force." (*Id.*) Again, however, this Court is confined to the allegations of the complaint under Rule 12(b)(6). Plaintiff's allegations say nothing about a search, and do not convey anything that would suggest that Plaintiff required subduing. In short, it is not clear that this Court can determine qualified immunity without *any* factual development of the record in this case. *See generally*, *Pullen v. Combs*, 2018 WL 3911398, at *8 (S.D.Ohio, Aug. 15, 2018) *adopted at* 2018 WL 4111020 (S.D. Ohio Aug. 29, 2018) (denying qualified immunity at motion to dismiss stage). By contrast, at the summary judgment stage, if the relevant facts are undisputed, the objective reasonableness of an officer's use of force "is a pure question of law." *Dunn v. Matatal*, 549 F.3d 348, 350 (6th Cir. 2008) (quoting *Scott v. Harris*, 550 U.S. 372, 381 n.8).

10

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT:**

1. A portion of Defendant's motion to dismiss (Doc. 11) will be construed as a motion for summary judgment so that this Court may consider the evidentiary exhibits attached to Plaintiff's response relating to the issue of administrative exhaustion. (*See* Doc. 16);

2. The Court will more fully consider and issue a Report and Recommendation on the two other arguments presented in the pending motion to dismiss following the conclusion of additional briefing on the issue of exhaustion;

3. Defendant may file a supplemental memorandum directed to the issue of exhaustion and accompanied by any appropriate evidentiary exhibits on or before **August 31, 2022;**

4. Plaintiff shall file any additional response and/or exhibits directed to the issue of exhaustion on or before **September 14, 2022**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
