UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL RIFE,

    Plaintiff,

v.

J. JONES, W.C.I.,

    Defendant.

Case No. 1:22-cv-144

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On March 21, 2022, Plaintiff tendered a *pro se* complaint that alleges that Defendant J. Jones, an officer at the Warren Correctional Institution, used excessive force against Plaintiff during his incarceration.[1] Upon initial screening, the undersigned recommended that Plaintiff's claim against Defendant in his official capacity be dismissed, but that Plaintiff's claim against Defendant in his individual capacity be permitted to proceed through discovery. (Doc. 7). That Report and Recommendation ("R&R") was adopted as the opinion of the Court. (Doc. 13).

In lieu of filing an answer, Defendant filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6). (*See* Doc. 11). However, after initial review of Defendant's motion and Plaintiff's response thereto, the undersigned determined that a portion of the Defendant's motion to dismiss should be converted to a motion for summary judgment Specifically, the Court ordered the issue of administrative

---

[1] Plaintiff alleges that Defendant grabbed his arm and tried to break it, slammed his face on the wall, and spit in Plaintiff's face. (Doc. 6 at 5). Plaintiff also alleges that Defendant wrote Plaintiff a ticket but did not report his use of force against Plaintiff.

1

exhaustion to be considered under Rule 56, with both parties permitted to file supplemental memoranda and/or exhibits concerning that issue. (Doc. 19). Having considered the parties' supplemental filings in light of the construed Motion for Summary Judgment, the undersigned recommends that the motion be granted based upon Plaintiff's failure to fully exhaust his administrative remedies.

I. **Applicable Standard of Review**

Defendant Jones originally filed a motion to dismiss under Rule 12(b)(6). Under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). Matters outside the pleadings may not be considered under Rule 12(b)(6). Given the liberal pleading standards of Rule 8 and the standard of review under Rule 12(b)(6), it is unsurprising that cases are not often dismissed for "failure to state a claim upon which relief can be granted."

In the case presented, the Court put both parties on notice that it intended to convert the portion of Defendant's motion that concerns the issue of administrative exhaustion to a motion for summary judgment, due to the need to consider evidence outside the pleadings. The standard of review for a motion for summary judgment under Rule 56 differs substantially from the standard applicable under Rule 12(b)(6), in part because it requires the Court to go beyond the pleadings and consider the evidence presented by the parties. Judgment will be granted if the evidence submitted demonstrates that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986).

After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348 (1986). "[A] court must view the facts and any inferences that can be drawn from those facts . . . in the light most favorable to the non-moving party." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted). However, "[t]he 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to survive summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson.*, 477 U.S. at 249-50.

**II.     Analysis of Administrative Exhaustion Under Rule 56**

Defendant's construed motion for summary judgment seeks judgment as a matter of law on grounds that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA). The undersigned agrees that Plaintiff's excessive force claim is barred by Plaintiff's failure to fully exhaust.

Pursuant to the PLRA, prisoners are required to fully exhaust available institutional remedies prior to filing suit in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title,

3

or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983 (2002).

It is well established that such exhaustion is "mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 201, 211, 127 S. Ct. 910 (2007). The PLRA requires "proper exhaustion of administrative remedies," meaning all applicable procedures and deadlines must be followed. *Woodford v. Ngo*, 548 U.S. 81, 84, 90-91, 126 S. Ct. 2378 (2002). The exhaustion requirement's goals can be achieved "only if the prison grievance system is given a fair opportunity to consider the grievance." *Id*. at 82. "That cannot happen unless the grievant complies with the system's critical procedural rules." *Id.* If a prisoner fails to exhaust available administrative remedies before filing a complaint in federal court, or only partially exhausts them, then dismissal of the complaint is appropriate. *Hopkins v. Ohio Dep't of Corr.*, 84 Fed. Appx. 526, 527 (6th Cir. 2003) (citing 42 U.S.C. § 1997e(a) and *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997)). "In a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cnty.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing Jones, 549 U.S. at 204).

The Ohio Department of Rehabilitation and Correction ("ODRC") offers a three-step grievance system to every inmate at each of its institutions. Ohio Admin. Code

4

§5120-9-31(J). All inmates and staff members receive a written explanation of the grievance system and instructions for its use. Ohio Admin. Code § 5120-9-31(C). The first step of the grievance procedure allows inmates to submit an informal complaint to the supervisor of the department or staff member directly responsible for the issue concerning the inmate but requires any such complaint or grievance to be submitted no later than fourteen days from the date of the event giving rise to the grievance. Ohio Admin. Code § 5120-9-31(J)(1). Inmates dissatisfied with the results of step one may proceed to step two by obtaining a Notification of Grievance form from the Inspector of Institutional Services and filing a formal grievance at the prison where the inmate is confined. Ohio Admin. Code § 5120-9-31(J)(2). Formal grievances must be submitted within fourteen days from the date an inmate receives a response to his informal complaint at step one. *Id.*

If dissatisfied with the results of his formal complaint at step two, the inmate may proceed to step three of the grievance process by requesting an appeal form from the Office of Inspector of Institutional Services and submitting the appeal form to the Office of the Chief Inspector at ODRC. Ohio Admin. Code § 5120-9-31(J)(3). The step three appeal must be filed within fourteen days of the date of the disposition of his formal complaint. The Chief Inspector is to provide a written response within thirty calendar days of receiving an appeal, unless he extends the timeframe for good cause and notifies the inmate. *Id.* Decisions of the Chief Inspector are final, meaning that the Ohio Administrative Code provides no further means for appeal. *Id*.

Because exhaustion is an affirmative defense that must be raised by a defendant, a plaintiff is not required to *plead* exhaustion in his complaint. And – but for

the rare case in which a plaintiff has included allegations or evidentiary exhibits that convincingly show he has failed to exhaust - a defendant cannot win on this defense unless *the defendant proves* a lack of exhaustion. Therefore, multiple courts have acknowledged that "the exhaustion affirmative defense is best raised in a motion for summary judgment ... because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits and documentary evidence." *Hollis v. Erdos*, 480 F. Supp.3d 823, 830-31 (S.D. Ohio 2020) (citing *Daugherty v. K.S.P. Medical Department*, 2018 WL 1095820, at *3 (W.D. Ky. Feb. 27, 2018). "When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Surles v. Andison*, 678 F.3d 452, 455-456 (6th Cir. 2012)); *see also Blissit v. Fiquris*, 345 F.Supp.3d 931 (S.D. Ohio 2018) (granting summary judgment based upon inmate's failure to comply with Ohio's grievance process for excessive force claim, discussing burden of proof).

Turning to the record presented, Defendant has carried his burden of proof to show that Plaintiff failed to fully exhaust his administrative remedies for his use of force claim.[2] Plaintiff's initial complaint states on its face that he filed a single grievance concerning the use of excessive force against him, and that the Defendant was issued a "corrective counseling" and provided with additional use of force training. (Doc. 6 at 3, PageID 51). In response to Defendant's initial argument that he had failed to exhaust,

---

[2]Typically, as illustrated in the case law cited in the Court's last order, a defendant seeking summary judgment on this affirmative defense will include an affidavit from a prison record keeper attesting to the fact that the plaintiff did not appeal the initial grievance. Despite the Defendant's failure to provide such affidavit testimony in this case, Plaintiff does not dispute that he did not comply with either step two or step three of the prison's administrative exhaustion procedure regarding his use of force claim.

6

Plaintiff attached a copy of the grievance.  (Doc. 16 at 2, PageID 106).  Plaintiff's own exhibit reflects that he submitted a "kite" on January 25, 2022 that complained about being put in the hole (segregation) following a "use of force" incident.  (*Id.*)  Another exhibit reflects that a week after the January 24 incident with Defendant, on January 31, 2022, Plaintiff pleaded guilty to three institutional infractions, including attempting to cause physical harm to another with a weapon, fighting, and disobedience of a direct order. (Doc. 16 at 5-6, PageID 109-110).

Due to the nature of Plaintiff's kite, a prison official identified as Isaac Bullock changed the kite to a grievance form with the subject description changed to "Use of Force with no report."  (Doc. 16 at 2, PageID 106). The institutional record reflects that the grievance was "granted" on January 26, 2022 insofar as C.O. Bullock found "that force was used and was not reported appropriately" by Defendant, and stated that the "Managing Officer will determine if any additional investigation or action is required regarding the alleged UOF incident…."  (*Id.*)  The same record includes an entry dated January 28, 2022 stating that "Officer J. Jones was issued a Corrective Counseling for this incident," and was provided with "Use of Force training…regarding the incident." (*Id.*; see also Doc. 11 at 2).

Defendant first argues that Plaintiff's initial kite/grievance does not satisfy step one of Ohio's mandatory procedure because it lacks important details including the defendant's name, the date of the incident, and other specific information.  It is true that Plaintiff did not specifically complain in his kite about the use of force (as opposed to the failure to report the use of force) and did not submit any additional grievances about any resulting injuries.  (Doc. 20 at 4, PageID 134).  However, the institutional response

7

reflects that the date of the incident and individual Defendant were easily identified, and that corrective action was taken by "granting" the grievance. Therefore, Plaintiff's submission of the kite/grievance at least *arguably* satisfies step one of Ohio's three-step procedure.

Even if so construed, however, the undersigned finds persuasive Defendant's argument that there is no record that Plaintiff ever sought to file a notice of appeal with the inspector of the institution in accordance with step two. Likewise, there is no record that Plaintiff exhausted step three by submitting an appeal form to the Office of the Chief Inspector at ODRC.[3] (Doc. 20 at 4 and Doc. 20-2). In short, it is undisputed that Plaintiff failed to complete all **three** steps of the grievance procedure as required by Ohio Admin. Code 5120-9-31(J) prior to filing this federal lawsuit, and therefore has failed to fully exhaust his administrative remedies.

Under Rule 56(e), Fed. R. Civ. P., the legal argument and undisputed evidence entitles the Defendant to summary judgment. Because the Defendant is entitled to summary judgment, the undersigned finds no need to further discuss Defendant's alternative arguments in favor of dismissal under Rule 12(b)(6).[4] Instead, the remainder of the pending motion to dismiss should be denied as moot.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 11) be **GRANTED IN PART**, as converted to a motion for summary

---

[3]The fact that Plaintiff tendered his complaint to this Court on March 21, 2022, less than 2 months following the incident in question, diminishes the realistic likelihood that Plaintiff would have had sufficient time to fully complete the three-step administrative process.

[4]Nevertheless, the undersigned incorporates her prior analysis of the Defendant's two alternative arguments. (See Doc. 19 at 7-10, PageID 126-129) (discussing reasons why resolution of the alternative arguments may be inappropriate under the standard of review applicable to Rule 12(b)(6)).

judgment under Rule 56, **with this case to be DISMISSED** based upon Plaintiff's undisputed failure to administratively exhaust his claim prior to filing suit. **IT IS FURTHER RECOMMENDED THAT** Defendant's alternative arguments under Rule 12(b)(6) be **DENIED AS MOOT**.

       _s/Stephanie K. Bowman_____
       Stephanie K. Bowman
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DANIEL RIFE, | Case No. 1:22-cv-144 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| C/O J. JONES, | |
| Defendant | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).